IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 10-cv-02867-PAB-MEH

PIONEER AMT-FREE MUNICIPAL FUND, by and through Pioneer Investment Management, Inc.,
AIM TAX EXEMPT FUNDS (Invesco Tax Exempt Funds), on behalf of its portfolio, Invesco High Income Municipal Fund f/k/a AIM Tax Exempt Funds, on behalf of its portfolio AIM High Income Municipal Fund,
THE LORD ABBETT MUNICIPAL INCOME TRUST-LORD ABBETT HIGH YIELD MUNICIPAL BOND FUND, and
THE LORD ABBETT MUNICIPAL INCOME FUND, INC.-LORD ABBETT NATIONAL TAX FREE INCOME FUND,

    Plaintiffs,

v.

D.A. DAVIDSON & CO.,

    Defendant.

## ORDER REMANDING TO STATE COURT

This matter is before the Court on plaintiffs' motion to remand [Docket No. 19]. The motion is fully briefed and ripe for disposition.

## I. BACKGROUND

This case was filed in the District Court of Jefferson County, Colorado on November 1, 2010. Plaintiffs claim that defendant failed to disclose material facts and made misrepresentations to plaintiffs regarding bonds that defendant underwrote to finance the development of Vail Christian High School. Defendant removed the case to this Court on November 23, 2010, maintaining that diversity jurisdiction was present under 28 U.S.C. § 1332. Plaintiffs now seek to remand the case because plaintiffs'

citizenship destroys diversity jurisdiction. Because the Court concludes that diversity of citizenship was not present at the time the original complaint was filed, it will remand the case to the state court.

## II. MOTION TO REMAND

Plaintiffs argue that their original complaint misidentified the plaintiffs in several ways. Relevant to the Court's jurisdictional analysis, the original complaint identified plaintiff "AIM Tax Exempt Funds (Invesco Tax Exempt Funds), on behalf of its portfolio, Invesco High Income Municipal Fund f/k/a AIM Tax Exempt Funds, on behalf of its portfolio AIM High Income Municipal Fund" ("Invesco plaintiff") as a Delaware corporation, when it is actually a Delaware business trust with beneficial shareholders residing in Montana.[1] Based on this fact, and given that defendant is a Montana corporation, plaintiffs contend that there is not complete diversity among the parties and, therefore, defendant's removal of this case was improper.

Defendant does not dispute that the Invesco plaintiff is actually a Delaware business trust with beneficial shareholders residing in Montana; rather, it argues that the Court's jurisdiction should be determined by only looking at the original complaint, which alleges that the Invesco plaintiff is a Delaware corporation. Defendant is not correct that the jurisdictional averments in the original complaint control the Court's diversity analysis. Rather, it is "the *state of facts* that existed at the time of filing" that is

---

[1] Plaintiffs argue that their other misidentifications are also relevant to jurisdiction. However, as the Court concludes that the presence of the Invesco plaintiff, who was clearly an original plaintiff to the suit, destroys diversity, it need not address the status of the other two plaintiffs named in either the original or the proposed amended complaints.

relevant, whether or not the original complaint correctly stated those facts.  *See Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 571 (2004) (emphasis added).  Nonetheless, if diversity was present among the original parties to an action and plaintiff added a party who was not indispensable and whose presence would defeat diversity jurisdiction, the Court would retain jurisdiction.  *See Salt Lake Tribune Publishing Co., LLC v. AT&T Corp.*, 320 F.3d 1081, 1096 (10th Cir. 2003).  However, in this case, the Invesco plaintiff was named as a plaintiff in the original complaint, but was simply mischaracterized as a Delaware corporation when it actually is, and was at the time the original complaint was filed, a Delaware statutory business trust with shareholders in Montana.  Thus, the relevant inquiry is only whether the presence of a statutory trust with shareholders who are citizens of the same state as the defendant destroys diversity.

Defendant contends that the citizenship of a trust is determined by looking solely to the citizenship of its trustees and not the citizenship of its beneficiaries.  Plaintiffs acknowledge that if the trustees sue in their own names then the trustees' citizenship is relevant.  However, plaintiffs argue that if the trust is suing in its own name then the citizenship of both the trustees and the beneficial shareholders is relevant to the jurisdictional analysis.  The Court agrees with plaintiffs.  In *Navarro Savings Assoc. v. Lee*, 446 U.S. 458 (1980), the Supreme Court considered a suit brought by the individual trustees of a Massachusetts business trust and concluded that, because the trustees were real parties to the action, they could "sue in their own right, without regard to the citizenship of the trust beneficiaries" and only their citizenship would be relevant

for diversity purposes. *Id.* at 465-66. In *Carden v. Arkoma Assoc.*, 494 U.S. 185 (1990), the Supreme Court considered the citizenship of a limited partnership and explained that *Navarro* "had nothing to do with the citizenship of the 'trust,' since it was a suit by the trustees in their own names." *Id.* at 192-93. *Carden* further explained that *Navarro* was not a case about whether a trust can be a citizen of a state, but whether the trustees were real parties to the controversy such that they could sue in their own names. *See id.* at 191-92.

Neither *Carden* nor *Navarro* addresses the citizenship of a trust when that trust sues in its own name. This Court and the District of New Mexico have held that in this situation the citizenship of the trustees and the beneficiaries is relevant to the diversity analysis. *See The Ryan Family Trust v. Preston*, Civil Action No. 09-cv-03002-PAB, 2009 WL 5217995 (D. Colo. Dec. 31, 2009), *U.F.C.W. Local 1776 v. Devitre*, Civil Action No. 10-cv-01769-PAB-MEH, 2010 WL 3632206 (D. Colo. Sept. 10, 2010); *San Juan Basin Royalty Trust v. Burlington Res. Oil & Gas, Co., L.P.*, 588 F. Supp. 2d 1274, 1280 (D.N.M. 2008) ("When suit is brought by a trust in its own name, the Court finds that the trust takes on the citizenship of its beneficiaries."). Defendant provides no authority contradicting this rule.

Defendant argues that this rule opens the door to jurisdictional manipulation by allowing trusts to control their citizenship by choosing to sue either in their own name or in their trustees' names. Federal Rule of Civil Procedure 17, however, requires actions to be prosecuted in the name of the real party in interest. *See* Fed. R. Civ. P. 17(a)(1). A trust may not sue in its own name unless it is actually a real party in interest under

Rule 17, nor may trustees sue in their names unless they meet the same condition. Defendant has not argued that the Invesco plaintiff is not a real party in interest here, and defendant bears the burden of proving this Court's jurisdiction.  *See Merida Delgado v. Gonzales*, 428 F.3d 916, 919 (10th Cir. 2005) ("Because the jurisdiction of federal courts is limited, there is a presumption against our jurisdiction, and the party invoking federal jurisdiction bears the burden of proof.").  Given that defendant has not demonstrated that the Invesco plaintiff is not a real party in interest and cannot sue in its own name, or that the rule determining a trust's citizenship based on its trustees as well as its beneficiaries is incorrect, the Court finds that the presence of the Invesco plaintiff defeats its jurisdiction.

## III.  ATTORNEYS' FEES AND COSTS

Plaintiffs seek costs and attorneys' fees incurred as a result of defendant's removal.  Section 1447(c) of Title 28 allows for the award of fees incurred as the result of a removal; however, an award of costs and fees requires a finding that the removal was improper.  *See Excell, Inc. v. Sterling Boiler & Mech., Inc.*, 106 F.3d 318, 322 (10th Cir. 1997).  Defendant's removal was properly based on how plaintiffs characterized themselves in their original state court complaint; it would be inappropriate to award fees now that plaintiffs have corrected their own mistake.  Therefore, the Court will not award costs and fees to plaintiffs.

## IV.  CONCLUSION

For the foregoing reasons, it is

**ORDERED** that plaintiffs' Motion to Remand for Lack of Subject Matter Jurisdiction [Docket No. 19] is **GRANTED**. It is further

**ORDERED** that this case is **REMANDED** to the District Court of Jefferson County, Colorado.

DATED April 27, 2011.

                                        BY THE COURT:

                                        s/Philip A. Brimmer
                                        PHILIP A. BRIMMER
                                        United States District Judge